IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RICKEY DAVIS, | ) |
| Plaintiff, | ) |
| v. | ) No. 07-3096 |
| CITY OF SPRINGFIELD, et al., | ) |
| Defendants. | ) |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Plaintiff's Motion to Consolidate (d/e 9), this case (Davis v. City II) with the case of Davis v. City of Springfield, Case No. 04-3168 (Davis v. City I). The Plaintiff Rickey Davis then filed this Motion requesting consolidation. The Defendants have objected. After careful review of the parties' respective positions, the Court has determined that the matters should not be consolidated. The Motion therefore is denied.

In Davis v. City I, Davis brought claims against the City of Springfield, Illinois (City), for racial discrimination and retaliation in connection with a denial of promotion to Deputy Chief of Police in October

1

2003. Then Police Chief Donald Kliment made the decision not to promote Davis to Deputy Chief. Kliment promoted William Rouse to Deputy Chief instead. Davis remained a Lieutenant in the City Police Department. The <u>Davis v. City I</u> case was tried once, but the jury could not reach a verdict on the retaliation claim brought under the Title VII of the Civil Rights Act of 1964 (Title VII). 42 U.S.C. § 2000e. That is the only claim that remains for retrial.

In <u>Davis v. City II</u>, Davis asserts claims of racial discrimination and retaliation against the City, Mayor Tim Davlin, Kliment, and Rouse for acts that occurred after the October 2003 hiring decision. Davis alleges that the Defendants committed several acts of discrimination and retaliation related to ostracizing Davis so that he could not perform his duties, wrongfully subjecting him to two internal affairs investigations, transferring him from the Criminal Investigations Division to the Patrol Division, improperly searching his computer at work, and improperly releasing his confidential medical records. Davis brings claims in <u>Davis v. City II</u> under Title VII and also 42 U.S.C. §§ 1981 and 1983. Davis seeks compensatory damages against the City, Davlin, Kliment, and Rouse, and punitive damages against Davlin, Kliment and Rouse. <u>Complaint (d/e 1)</u>.

Davis favors consolidation of these cases because he alleges that the cases involve one course of conduct from the decision in October 2003 not to promote him to Deputy Chief through the acts alleged in <u>Davis v. City II</u>. Davis argues that because the cases involve a single course of conduct, all of the evidence will need to be presented in the <u>Davis v. City II</u> trial anyway, so judicial economy would favor a single trial.

The Defendants oppose consolidation because the parties are not the same in both cases, and so, there would be a risk of confusion of the jury with respect to the individual Defendants Davlin, Kliment, and Rouse. Davlin, Kliment, and Rouse are not Defendants in <u>Davis v. City I</u>. Kliment, however, was the person who decided not to promote Davis in October 2003. Thus, to prove the case in <u>Davis v. City I</u>, Davis must prove that Kliment retaliated against Davis when he made this decision. A jury, however, would have to understand that Kliment could not be held liable personally for that act. In addition, Davlin was Kliment's immediate supervisor at the time of the promotion decision and approved the decision. Rouse also received the disputed promotion. The Defendants contend that the risk of confusion and improper imposition of liability on Kliment, or Rouse or Davlin, in <u>Davis v. City II</u> based on evidence in <u>Davis v. City I</u>

should preclude consolidation. They note that these individual Defendants face a risk of punitive damages that cannot be indemnified by the City. 745 ILCS 10/2-302.

This Court may consolidate any matters that have common issues of law or fact. Fed. R. Civ. P. 42(a). This Court has broad discretion to decide how and whether to consolidate matters on its docket. Miller Brewing Co. v. Meal Co., 177 F.R.D. 642, 643 (E.D. Wis. 1998). This Court should consider matters of judicial economy and the impact of the consolidation on each party's right to receive a fair trial. See Malcolm v. National Gypsum Co., 995 F.2d 346, 350 (2$^d$ Cir. 1993). In this case, this Court raised the question of consolidation as a preliminary inquiry, but agrees with the Defendants that the risk of prejudice, especially as it relates to Defendant Kliment, tips the balance in favor of separate trials. The denial of the October 2003 promotion was the most significant single act of alleged retaliation identified by Davis in either case. Davis testified at the first trial in Davis v. City I that he was devastated because he knew that he would never reach his career goal of becoming Deputy Chief. The acts of alleged retaliation in Davis v. City II (e.g., withholding information, filing disciplinary charges, and transferring to Patrol) may have been annoying,

insulting, degrading, and humiliating, but they do not compare to denying Davis the final culmination that he sought for his career as a police officer. If a jury believed that Kliment retaliated against Davis by denying him the promotion in October 2003, it might be confused by the fact that the City could be held liable, but Kliment could not be personally liable for this most serious act of retaliation, even if the jury concluded that Kliment was liable for one or more of the other wrongful acts alleged in Davis v. City II. The risk of jury confusion is great enough to decide against consolidation.

In addition, the judicial economies are not that clear. Davis argues that a single trial will promote judicial economy because he will need to present the evidence from Davis v. City I at the trial of Davis v. City II any way. However, Davis v. City I is ready for retrial now, but Davis v. City II is barely past the pleading stage. A Rule 16 scheduling conference has not even been set. If Davis v. City II is resolved during discovery or at summary judgment, then there would never be a trial in Davis v. City II, and the retrial in Davis v. City I, regarding the October 2003 denial of promotion, would be delayed needlessly for years. Both parties are entitled to a resolution of Davis v. City I now. It has been on the Court's docket for three years. A resolution of Davis v. City I might affect how the parties

address issues in <u>Davis v. City II</u>, and might facilitate resolution of the latter.

THEREFORE, Plaintiff's Motion to Consolidate (d/e 9) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER:   November 1, 2007

  FOR THE COURT:

          s/ Jeanne E. Scott
          JEANNE E. SCOTT
        UNITED STATES DISTRICT JUDGE